UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON GRAND JURY 2004
JUNE 14, 2005 SESSION

FILED
JUN 14 2005
TERESA L. DEPPNER, CLERK
U.S. District & Bankruptcy Courts
Southern District of West Virginia

UNITED STATES OF AMERICA

v. CRIMINAL NO. 1:05-00126

21 U.S.C. § 846
21 U.S.C. § 841(a)(1)
18 U.S.C. § 2
18 U.S.C. § 1956(h)
18 U.S.C. § 1956(a)(1)(B)(i)

MAURICE TAFT GIBSON,
also known as "Mo"
HECTOR REINAT,
also known as "Chico"
CHRISTINA LOUISE ARNOTO,
also known as "Tina"
ROBERT L. GRAVELY,
also known as "Boo Boo"
TONYA S. GIBSON

SEALED
JUN 14 2005

# I N D I C T M E N T

The Grand Jury Charges:

## COUNT ONE

From in or about September 2002, to on or about May 19, 2005, at or near Princeton, Mercer County, West Virginia, within the Southern District of West Virginia and elsewhere, defendants MAURICE TAFT GIBSON, also known as "Mo," HECTOR REINAT, also known as "Chico," CHRISTINA LOUISE ARNOTO, also known as "Tina," and ROBERT L. GRAVELY, also known as "Boo Boo," and other persons whose identities are both known and unknown to the Grand Jury, knowingly

conspired to commit offenses in violation of 21 U.S.C. § 841(a)(1), that is, knowingly and intentionally to distribute quantities of cocaine, also known as "coke," and oxycodone, also known as "Oxycontin," Schedule II controlled substances.

In violation of Title 21, United States Code, Section 846.

**COUNT TWO**

On or about April 20, 2004, at or near Princeton, Mercer County, West Virginia, and within the Southern District of West Virginia, defendant MAURICE TAFT GIBSON, also known as "Mo," knowingly and intentionally distributed a quantity of oxycodone, also known as "Oxycontin," a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

**COUNT THREE**

On or about April 26, 2004, at or near Princeton, Mercer County, West Virginia, and within the Southern District of West Virginia, defendant MAURICE TAFT GIBSON, also known as "Mo," knowingly and intentionally distributed a quantity of oxycodone, also known as "Oxycontin," a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

**COUNT FOUR**

On or about May 10, 2004, at or near Princeton, Mercer County, West Virginia, and within the Southern District of West Virginia, defendant MAURICE TAFT GIBSON, also known as "Mo," knowingly and intentionally distributed a quantity of oxycodone, also known as "Oxycontin," a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

**COUNT FIVE**

On or about May 11, 2004, at or near Princeton, Mercer County, West Virginia, and within the Southern District of West Virginia, defendant MAURICE TAFT GIBSON, also known as "Mo," aided and abetted by defendant HECTOR REINAT, also known as "Chico," knowingly and intentionally distributed a quantity of cocaine, also known as "coke," a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

**COUNT SIX**

On or about May 26, 2004, at or near Princeton, Mercer County, West Virginia, and within the Southern District of West Virginia, defendant HECTOR REINAT, also known as "Chico," knowingly and intentionally distributed five grams or more of cocaine base, also known as "crack," a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

**COUNT SEVEN**

On or about May 26, 2004, at or near Princeton, Mercer County, West Virginia, and within the Southern District of West Virginia, defendant HECTOR REINAT, also known as "Chico," knowingly and intentionally distributed a quantity of cocaine, also known as "coke," a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

**COUNT EIGHT**

On or about June 10, 2004, at or near Princeton, Mercer County, West Virginia, and within the Southern District of West Virginia, defendant MAURICE TAFT GIBSON, also known as "Mo," aided and abetted by defendant CHRISTINA LOUISE ARNOTO, also known as "Tina," knowingly and intentionally distributed a quantity of oxycodone, also known as "Oxycontin," a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

**COUNT NINE**

On or about July 27, 2004, at or near Princeton, Mercer County, West Virginia, and within the Southern District of West Virginia, defendant MAURICE TAFT GIBSON, also known as "Mo," aided and abetted by defendant ROBERT L. GRAVELY, also known as "Boo Boo," knowingly and intentionally distributed a quantity of oxycodone, also known as "Oxycontin," a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

**COUNT TEN**

On or about September 16, 2004, at or near Princeton, Mercer County, West Virginia, and within the Southern District of West Virginia, defendant MAURICE TAFT GIBSON, also known as "Mo," aided and abetted by defendant CHRISTINA LOUISE ARNOTO, also known as "Tina," knowingly and intentionally distributed a quantity of oxycodone, also known as "Oxycontin," a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

**COUNT ELEVEN**

On or about October 27, 2004, at or near Princeton, Mercer County, West Virginia, and within the Southern District of West Virginia, defendant MAURICE TAFT GIBSON, also known as "Mo," knowingly and intentionally distributed a quantity of cocaine, also known as "coke," a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

**COUNT TWELVE**

On or about October 28, 2004, at or near Princeton, Mercer County, West Virginia, and within the Southern District of West Virginia, defendant MAURICE TAFT GIBSON, also known as "Mo," knowingly and intentionally distributed a quantity of hydromorphone, also known as "Dilaudid," a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

**COUNT THIRTEEN**

On or about February 7, 2005, at or near Princeton, Mercer County, West Virginia, and within the Southern District of West Virginia, defendant MAURICE TAFT GIBSON, also known as "Mo," knowingly and intentionally distributed a quantity of oxycodone, also known as "Oxycontin," a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

**COUNT FOURTEEN**

On or about March 9, 2005, at or near Princeton, Mercer County, West Virginia, and within the Southern District of West Virginia, defendant MAURICE TAFT GIBSON, also known as "Mo," knowingly and intentionally distributed a quantity of cocaine, also known as "coke," a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT FIFTEEN

On or about March 16, 2005, at or near Princeton, Mercer County, West Virginia, and within the Southern District of West Virginia, defendant MAURICE TAFT GIBSON, also known as "Mo," knowingly and intentionally distributed a quantity of cocaine, also known as "coke," a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

**COUNT SIXTEEN**

On or about March 17, 2005, at or near Princeton, Mercer County, West Virginia, and within the Southern District of West Virginia, defendant MAURICE TAFT GIBSON, also known as "Mo," knowingly and intentionally distributed a quantity of cocaine, also known as "coke," a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

**COUNT SEVENTEEN**

On or about April 14, 2005, at or near Princeton, Mercer County, West Virginia, and within the Southern District of West Virginia, defendant MAURICE TAFT GIBSON, also known as "Mo," knowingly and intentionally distributed a quantity of cocaine, also known as "coke," a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

**COUNT EIGHTEEN**

**(MONEY LAUNDERING CONSPIRACY)**

1. From at least October 2003 to on or about May 19, 2005, at or near Princeton, Mercer County, West Virginia, within the Southern District of West Virginia and elsewhere, defendants MAURICE T. GIBSON and TONYA S. GIBSON, together with other persons known and unknown to the Grand Jury, did knowingly conspire to commit offenses against the United States, to wit: knowingly to conduct and attempt to conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of a specified unlawful activity, that is, conspiracy to distribute quantities of cocaine, also known as "coke," and oxycodone, also known as "Oxycontin," Schedule II controlled substances, in violation of 21 U.S.C. § 846, while knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, and also while knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity; in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

**MANNER AND MEANS OF THE CONSPIRACY**

2. It was a part of the conspiracy that defendant MAURICE T. GIBSON and others known and unknown to the Grand Jury would and did engage in a specified unlawful activity, that is, conspiracy to distribute controlled substances in the Southern District of West Virginia and elsewhere, in violation of 21 U.S.C. § 846.

3. It was further a part of the conspiracy that defendants MAURICE T. GIBSON and TONYA S. GIBSON, together with other persons known and unknown to the Grand Jury, would and did conduct, attempt to conduct, and cause to be conducted numerous financial transactions in and affecting interstate commerce which involved the proceeds of the specified unlawful activity and which defendants knew represented the proceeds of some form of unlawful activity.

4. It was further a part of the conspiracy that defendants MAURICE T. GIBSON and TONYA S. GIBSON, together with other persons known and unknown to the Grand Jury, would and did conduct, attempt to conduct, and cause to be conducted these financial transactions with the intent to conceal and disguise the true nature, location, source, ownership, and control of the proceeds of the specified unlawful activity.

5. It was further a part of the conspiracy that defendants MAURICE T. GIBSON and TONYA S. GIBSON would and did file false and fraudulent income tax returns, or no income tax returns at all, in

order to hide the true sources and amounts of their income, which included substantial income from the specified unlawful activity.

6. It was further a part of the conspiracy that defendants MAURICE T. GIBSON and TONYA S. GIBSON would and did participate in the transfer of the proceeds of the specified unlawful activity from the Southern District of West Virginia to the district where the aforesaid transactions and purchases occurred.

7. It was further a part of the conspiracy that defendants MAURICE T. GIBSON and TONYA S. GIBSON would and did attempt to hide the true nature, source, location, ownership and control of the proceeds of the specified unlawful activity by purchasing assets, and by making materially false statements about income and employment.

In violation of Title 18, United States Code, Section 1956(h).

## COUNT NINETEEN

## (MONEY LAUNDERING)

1. From at least October 2003 to on or about May 19, 2005, at or near Princeton and Bluefield, Mercer County, West Virginia, and within the Southern District of West Virginia, defendant MAURICE T. GIBSON, together with other persons both known and unknown to the Grand Jury, was engaged in a specified unlawful activity, that is, conspiracy to distribute quantities of cocaine, also known as "coke," and oxycodone, also known as "Oxycontin," Schedule II controlled substances, in violation of 21 U.S.C. § 846;

2. Defendants MAURICE T. GIBSON and TONYA S. GIBSON, aided and abetted by each other, participated in the transfer of the proceeds of the specified unlawful activity from the Southern District of West Virginia to Charlotte, North Carolina, where the financial transaction was conducted, as described in paragraph 3 below.

3. On or about October 1, 2003, defendants MAURICE T. GIBSON and TONYA S. GIBSON traveled to Charlotte, North Carolina and did knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce, that is paying $8000, more or less, in United States currency in connection with the purchase of and transfer of title to a 2003 Cadillac Escalade, which United States currency involved the proceeds of the specified unlawful activity and which defendants MAURICE T. GIBSON and TONYA S. GIBSON knew represented the proceeds of some form of unlawful activity; and

4. Defendants MAURICE T. GIBSON and TONYA S. GIBSON conducted the aforesaid financial transaction knowing it was designed in whole or in part to conceal and disguise the true nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, that is, the conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846, by making materially false statements about defendant TONYA S. GIBSON's true income on a credit application with GMAC.

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

**COUNT TWENTY**

**(MONEY LAUNDERING)**

1. From at least October 2003 to on or about May 19, 2005, at or near Princeton and Bluefield, Mercer County, West Virginia, and within the Southern District of West Virginia, defendant MAURICE T. GIBSON, together with other persons both known and unknown to the Grand Jury, was engaged in a specified unlawful activity, that is, conspiracy to distribute quantities of cocaine, also known as "coke," and oxycodone, also known as "Oxycontin," Schedule II controlled substances, in violation of 21 U.S.C. § 846;

2. On or about October 14, 2003, at or near Bluefield, Mercer County, West Virginia, and within the Southern District of West Virginia, defendant MAURICE T. GIBSON did conduct and attempt to conduct a financial transaction affecting interstate commerce and involving $26,000 United States currency in connection with the purchase of and transfer of title to a 1966 Piper Cherokee Aircraft, which United States currency involved the proceeds of the specified unlawful activity and which defendant MAURICE T. GIBSON knew represented the proceeds of some form of unlawful activity; and

3. Defendant MAURICE T. GIBSON conducted the aforesaid financial transaction knowing it was designed in whole or in part to conceal and disguise the true nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, that is, the conspiracy to distribute controlled

substances, by causing the aforesaid 1966 Piper Cherokee Aircraft to be titled in a nominee name.

In violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

**FORFEITURE FOR CONTROLLED SUBSTANCE VIOLATIONS**

In accordance with 21 U.S.C. § 853(a) and Rules 7(c)(2) and 32.2(a) of the Federal Rules of Criminal Procedure, and premised upon the conviction of the defendants MAURICE TAFT GIBSON, also known as "Mo," HECTOR REINAT, also known as "Chico," CHRISTINA LOUISE ARNOTO, also known as "Tina," and ROBERT L. GRAVELY, also known as "Boo Boo," of a violation of Subchapter I of Title 21, United States Code, as set forth in Counts One through Seventeen of this Indictment, the defendants shall forfeit to the United States any property constituting or derived from any proceeds obtained, directly or indirectly, as the result of such violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said offense(s), including but not limited to the following:

1. The sum of $22,694, more or less, seized on or about May 25, 2005, from First Community Bank Checking Account No. XXX6537, in the names of MAURICE T. GIBSON and TONYA S. GIBSON;

2. One 1966 Piper Cherokee Single Engine Aircraft, Serial No. 28-3032, Registration No. N5909W, seized on or about June 2, 2005, and log book;

3. One 1996 Ford Taurus, VIN 1FALP52U4TA115873;

4. One 2004 Fleetwood Providence Motor Home, 39 feet more or less in length, VIN 4UZAAHBS64CM85503, seized on or about May 25, 2005;

5. One full-length men's mink coat, seized on or about May 26, 2005;

6. One Hitachi plasma/LCD wide-screened television, seized on or about May 25, 2005;

7. One 2004 Yamaha Waverunner jetski, VIN YAMA1780H304, seized on or about May 26, 2005;

8. One 1994 Yamaha Wave Raider jetski, VIN YAML5889E494, seized on or about May 26, 2005;

9. One 1996 Shorelander Jetski trailer, VIN 1MOASER16TH787472, seized on or about May 26, 2005;

10. One gun safe and multiple firearms, accessories and ammunition located therein, seized on or about May 26, 2005;

11. Jewelry purchased from Carlisle & Company of Fayetteville, North Carolina, consisting of one Men's Rolex watch, one women's Rolex watch, one women's diamond ring, and one women's diamond band;

12. One 2003 Cadillac Escalade EXT, black in color, VIN 3GYEK63N03G329365, seized on May 25, 2005; and

13. One 2002 CRL pontoon boat, hull ID# N0R83513G102, and one 2002 boat trailer, VIN 1TPCENX2331034437, seized on May 25, 2005.

**FORFEITURE FOR MONEY LAUNDERING VIOLATION**

In accordance with 18 U.S.C. § 982(a), and Rules 7(c)(2) and 32.2 of the Federal Rules of Criminal Procedure, and premised upon the conviction of the defendants MAURICE T. GIBSON and TONYA S. GIBSON of a violation of Title 18, United States Code, Section 1956, as set forth in Counts Eighteen through Twenty of this indictment, the defendants MAURICE T. GIBSON and TONYA S. GIBSON shall forfeit to the United States any property, real or personal, involved in the said offense, and any property traceable to property involved in the offense, including but not limited to, the following:

1. The sum of $22,694, more or less, seized on or about May 25, 2005, from First Community Bank Checking Account No. XXX6537, in the names of MAURICE T. GIBSON and TONYA S. GIBSON;

2. One 1966 Piper Cherokee Single Engine Aircraft, Serial No. 28-3032, Registration No. N5909W, seized on or about June 2, 2005, and log book;

3. One 1996 Ford Taurus, VIN 1FALP52U4TA115873;

4. One 2004 Fleetwood Providence Motor Home, 39 feet more or less in length, VIN 4UZAAHBS64CM85503, seized on or about May 25, 2005;

5. One full-length men's mink coat, seized on or about May 26, 2005;

6. One Hitachi plasma/LCD wide-screened television, seized on or about May 25, 2005;

7. One 2004 Yamaha Waverunner jetski, VIN YAMA1780H304, seized on or about May 26, 2005;

8. One 1994 Yamaha Wave Raider jetski, VIN YAML5889E494, seized on or about May 26, 2005;

9. One 1996 Shorelander Jetski trailer, VIN 1MOASER16TH787472, seized on or about May 26, 2005;

10. One gun safe and multiple firearms, accessories and ammunition located therein, seized on or about May 26, 2005; and

11. Jewelry purchased from Carlisle & Company of Fayetteville, North Carolina, consisting of one Men's Rolex watch, one women's Rolex watch, one women's diamond ring, and one women's diamond band.

**NOTICE OF INTENT TO FORFEIT SUBSTITUTE ASSETS**

If any of the property described above as being subject to forfeiture pursuant to either 21 U.S.C. § 853(a) or 18 U.S.C. § 982(a), as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred to, sold to, or deposited with a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property that cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b) and 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendants up to the value of said property listed above as being subject to forfeiture.

A True Bill.

KASEY WARNER
United States Attorney

By: [signature]
MILLER A. BUSHONG III
Assistant United States Attorney

FORM DBD-34
JUN. 85

No. ____________

# UNITED STATES DISTRICT COURT

SOUTHERN District of WEST VIRGINIA

BLUEFIELD Division

## THE UNITED STATES OF AMERICA

vs.

MAURICE TAFT GIBSON, ALSO KNOWN AS "MO"
~~HENCTOR REINAT, ALSO KNOWN AS "CHICO"~~
CHRISTINA LOUISE ARNOTO, ALSO KNOWN AS "TINA"
~~ROBERT L. GRAVELY, ALSO KNOWN AS "BOO BOO"~~
TONYA S. GIBSON

# INDICTMENT

21 U.S.C. § 846; 21 U.S.C. § 841(a)(1)
18 U.S.C. § 2; 18 U.S.C. § 1956(h);
18 U.S.C. § 1956(a)(1)(B)(i)

*A true bill.*

____________ *Foreman*

*Filed in open court this* ____________ *day,*

*of* ____________ *A.D. 19* ______

____________ *Clerk*

*Bail, $* ____________