FILED

SEP 21 2005

TERESA L. DEPPNER, CLERK
U.S. District & Bankruptcy Courts
Southern District of West Virginia

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

vs. Criminal No.: 1:05-00126

MAURICE GIBSON.

MOTION FOR STAY OF CIVIL FORFEITURE PROCEEDINGS

Now comes the defendant Maurice Gibson by his undersigned counsel and moves this Court to order the government stay the proceeding that are being instituted regarding various items of property. In the above - styled indictment the government has alleged "Forfeiture For Controlled Substance Violations" and also "Forfeiture For Money Laundering Violation." The defendant has been put on notice that the U.S. Justice Department Drug Enforcement Administration has seized a number of items and seek to have them forfeited. This notice was sent to counsel in the form of individual notices for each item. These notices are attached and marked as Exhibit 1.a-g.

Some items are only listed in the indictment as subject to criminal forfeiture and some items are listed in the notices sent by the DEA in the civil forfeiture. Some items are listed in both.

The following items are listed in both the civil and criminal forfeitures.

1. 2002 CRL pontoon boat, hull ID# N0R83513G102, and one 2002 boat trailer, VIN 1TPCENX2331034437

2. $22,694 more or less, First Community Bank Account

3. One gun safe and multiple firearms, accessories and ammunition located therein

4. 2004 Fleetwood Providence Motor Home, 39 feet more or less in length, VIN 4UZAAHBS64CM85503,

5. 1966 Piper Cherokee Single Engine Aircraft, Serial No. 28—3032

For judicial economy, if nothing else, it would seem that most if not all the forfeiture matters are part and parcel of the criminal case. It would seem a duplication of resources of both the government and defense to proceed on parallel tracks, one civil and one criminal regarding the same property or like items of property arising out of the same set of criminal allegations. Parallel litigation is particularly wasteful when one considers discovery issues. Parallel proceedings raise potential Fifth Amendment, use of grand jury information, and other discovery problems for the criminal case as the civil case proceeds. A civil forfeiture order based on grand jury information without a disclosure order pursuant to Federal Rules of Criminal Procedure, Rule 6(e)(C)(i) could be reversed, *U.S. v. Coughlan*, 842 F.2d 737, 740(4th Cir. 1988).

A similar situation confronted the court in *U.S. v. All Funds Deposited in Account No. 20008524845, First Union National Bank*, 162 F. Supp. 2d 1325 (D. Wyo. 2001). There in granting the government's motion for a stay of civil forfeiture proceedings, the court concluded that a stay was warranted to avoid prejudicing a related criminal investigation, notwithstanding the claimant's contention that granting the stay could deprive them of property without an opportunity for hearing. The court found that the claimant's discovery requests sought information which could compromise the ongoing criminal investigation and the work of a federal grand jury and the claimants failed to show how they could narrow or limit their discovery request so as to avoid prejudicing the investigation and how, specifically, they were prejudiced by the stay.

In criminal matters involving drug allegations the matters are often resolved by way of plea. Agreements and stipulations can often be reached regarding the forfeiture of property. Such agreements are hampered by parallel civil proceedings.

Whether a plea agreement is reached or not, the government will not be prejudiced in any way by an order staying the civil proceedings. Should the criminal matter not be resolved by plea or even if it is resolved by an acquittal it would appear that nothing would stop the government from then proceeding in the civil matter after the completion of the criminal matter acquittal or not. *See, U.S. v. One Assortment of 89 Firearms,* 465 U.S. 354, 359 (1984) (double jeopardy clause inapplicable to civil forfeiture following an acquittal in criminal matter) *and, U.S. v. Ursery,* 518 U.S 267, 289 (1996) (civil forfeitures do not constitute punishment for the purposes of double jeopardy).

Wherefore, defendant requests that the civil forfeiture proceedings that have been instituted by the government as indicated by the attached notices in Exhibit 1.a-g and any subsequent forfeiture of property notices that may be filed in civil proceedings be stayed during the pendency of the criminal action.

Respectfully submitted,

GARY A. COLLIAS
122 Capitol Street, Suite 300
P.O. Box 70007
Charleston, WV 25301-0007
Telephone: (304) 344-3653

JAY T. McCAMIC
56-58 14th Street
P.O. Box 151
Wheeling, WV 26003
Telephone: (304) 232-6750
Counsel for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

vs. Criminal No.: 1:05-00126

MAURICE GIBSON

CERTIFICATE OF SERVICE

Service of the foregoing MOTION FOR STAY OF CIVIL FORFEITURE PROCEEDINGS was had upon the parties, by mailing a true copy thereof by United States Mail, postage prepaid, to the following persons, this 19th day of September, 2005:

Miller Bushong, III, AUSA
845 Fifth Avenue, Room 209
Huntington, WV 25701

John H. Tinney, Jr.
707 Virginia Street East, 14th Floor
Charleston, WV 25337-3752

Forfeiture Counsel
Asset Forfeiture Section,
Office of Operations Management
DEA - HQs Forfeiture Response
P.O. Box 1475
Quantico, VA 22134- 1475

Office of Operations Management
DEA
2401 Jefferson Davis Highway
Alexandria, VA 22301

JAY T. McCAMIC
56-58 14th Street
P.O. Box 151
Wheeling, WV 26003
Telephone: (304) 232-6750

GARY A. COLLIAS
122 Capitol Street, Suite 300
P.O. Box 70007
Charleston, WV 25301-0007
Telephone: (304) 344-3653

Counsel for Defendant

**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**

| | |
|---|---|
| **Asset Id:** | 05-DEA-452219 |
| **Case Number:** | ID-04-2009 |
| **Property:** | 2002 Pontoon Boat, Hull and Trailer |
| **Serial Number:** | N0R83513G102 |
| **Asset Value:** | $13,450.00 |
| **Seizure Date:** | 05/24/05 |
| **Seizure Place:** | Princeton, WV |
| **Owner Name:** | Gibson, Maurice |
| **Seized From:** | Gibson, Maurice |
| **Judicial District:** | Southern District of West Virginia |

Maurice Gibson
c/o Gary Collias Esq.
P.O. Box 7007
Charleston, WV 25813

**NOTICE MAILING DATE:** September 9, 2005

## NOTICE OF SEIZURE

The above-described property was seized by Special Agents of the Drug Enforcement Administration (DEA) for forfeiture pursuant to Title 21, United States Code (U.S.C.), Section 881, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above. Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

## TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission (pardon) or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty (30) days of your receipt of this notice. The petition must include proof of your interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

## TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by **October 14, 2005**. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

## WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the **Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475. Correspondence sent via private delivery must be sent to Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, Virginia 22301. A PET[...] OR OTHER CORRESPONDENCE WILL BE DEEMED FILED WHEN ACTUALLY RECEIVED BY[...] FORFEITURE SECTION IN ARLINGTON, VIRGINIA. SUBMISSIONS BY FACSIMILE OR OTH[...] MEANS WILL NOT BE ACCEPTED.** The Asset Id referenced above should be used with all submission[...] **include the Asset ID may cause a delay in** [illegible]

EXHIBIT
1a

**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**

| | |
|---|---|
| **Asset Id:** | 05-DEA-452217 |
| **Case Number:** | ID-04-2009 |
| **Property:** | 2004 Fleetwood Providence Motorhome |
| **Vehicle ID No:** | 4UZAAHBS64CM85503 |
| **Asset Value:** | $154,995.00 |
| **Seizure Date:** | 05/24/05 |
| **Seizure Place:** | Princeton, WV |
| **Owner Name:** | Gibson, Maurice |
| **Seized From:** | Gibson, Maurice |
| **Judicial District:** | Southern District of West Virginia |

Maurice Gibson
c/o Gary Collias Esq.
P.O. Box 7007
Charleston, WV 25301

**NOTICE MAILING DATE:** August 30, 2005

## NOTICE OF SEIZURE

The above-described property was seized by Special Agents of the Drug Enforcement Administration (DEA) for forfeiture pursuant to Title 21, United States Code (U.S.C.), Section 881, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

## TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission **(pardon)** or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty **(30)** days of your receipt of this notice. The petition must include proof of your interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

## TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by **October 4, 2005**. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

## WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the **Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475. Correspondence sent via private delivery must be sent to Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, Virginia 22301. A PETITION, CLAIM, OR OTHER CORRESPONDENCE WILL BE DEEMED FILED WHEN ACTUALLY RECEIVED BY THE DEA ASSET FORFEITURE SECTION IN ARLINGTON, VIRGINIA. SUBMISSIONS BY FACSIMILE OR OTHE[…] MEANS WILL NOT BE ACCEPTED.** The Asset Id referenced above should be used with all submissions. […] **include the Asset ID may cause a delay in processing your submission(s).**

EXHIBIT
1.b

**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**

| | |
|---|---|
| **Asset Id:** | 05-DEA-452222 |
| **Case Number:** | ID-04-2009 |
| **Property:** | 2002 Cadillac Escalade |
| **Vehicle ID No:** | 1GYEK63N82R133382 |
| **Asset Value:** | $36,150.00 |
| **Seizure Date:** | 05/25/05 |
| **Seizure Place:** | Bluefield, WV |
| **Owner Name:** | Gibson, Maurice |
| **Seized From:** | Gibson, Maurice |
| **Judicial District:** | Southern District of West Virginia |

Maurice Gibson
c/o Gary Collias/Esq
P.O. Box 7007
Charleston, WV 25301

**NOTICE MAILING DATE:** September 1, 2005

## NOTICE OF SEIZURE

The above-described property was seized by Special Agents of the Drug Enforcement Administration (DEA) for forfeiture pursuant to Title 21, United States Code (U.S.C.), Section 881, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

## TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission **(pardon)** or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty **(30)** days of your receipt of this notice. The petition must include proof of your interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

## TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by **October 6, 2005**. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

## WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the **Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475. Correspondence sent via private delivery must be sent to Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, Virginia 22301. A PETITION, CLAIM, OR OTHER CORRESPONDENCE WILL BE DEEMED FILED WHEN ACTUALLY RECEIVED BY T FORFEITURE SECTION IN ARLINGTON, VIRGINIA. SUBMISSIONS BY FACSIMILE OR OTHE MEANS WILL NOT BE ACCEPTED.** The Asset Id referenced above should be used with all submissions. **include the Asset ID may cause a delay in processing your submission(s).**

EXHIBIT
1.c

# U.S. DEPARTMENT OF JUSTICE
# DRUG ENFORCEMENT ADMINISTRATION

Maurice Gibson
c/o Gary Collias/Esq
P.O. Box 7007
Charleston, WV 25301

| | |
|---|---|
| **Asset Id:** | 05-DEA-452378 |
| **Case Number:** | ID-04-2009 |
| **Property:** | First Community Bank Account# 8996537 |
| **Account Number:** | 8996537 |
| **Asset Value:** | $22,694.54 |
| **Seizure Date:** | 05/27/05 |
| **Seizure Place:** | Bluefield, WV |
| **Owner Name:** | Gibson, Maurice |
| **Seized From:** | Gibson, Maurice Gibson and Tonya |
| **Judicial District:** | Southern District of West Virginia |

NOTICE MAILING DATE: September 1, 2005

## NOTICE OF SEIZURE

The above-described property was seized by Special Agents of the Drug Enforcement Administration (DEA) for forfeiture pursuant to Title 21, United States Code (U.S.C.), Section 881, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

## TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission **(pardon)** or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty **(30)** days of your receipt of this notice. The petition must include proof of your interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

## TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by **October 6, 2005**. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

## WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the **Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475. Correspondence sent via private delivery must be sent to Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, Virginia 22301. A PETITION, CLAIM, OR OTHER CORRESPONDENCE WILL BE DEEMED FILED WHEN ACTUALLY RECEIVED BY THE DEA ASSET FORFEITURE SECTION IN ARLINGTON, VIRGINIA. SUBMISSIONS BY FACSIMILE OR OTHER [illegible] MEANS WILL NOT BE ACCEPTED.** The Asset Id referenced above should be used with all submissions. [illegible] **include the Asset ID may cause a delay in processing your submission(s).**

EXHIBIT
1.d

# U.S. DEPARTMENT OF JUSTICE
# DRUG ENFORCEMENT ADMINISTRATION

Maurice Gibson
c/o Gary Collias Esq.
P.O. Box 7007
Charleston, WV 25301

| | |
|---|---|
| **Asset Id:** | 05-DEA-453868 |
| **Case Number:** | ID-04-2009 |
| **Property:** | Liberty Gun Safe |
| **Asset Value:** | $1,450.00 |
| **Seizure Date:** | 06/01/05 |
| **Seizure Place:** | Bluefield, WV |
| **Owner Name:** | Gibson, Maurice |
| **Seized From:** | Gibson, Maurice |
| **Judicial District:** | Southern District of West Virginia |

**NOTICE MAILING DATE:** August 30, 2005

## NOTICE OF SEIZURE

The above-described property was seized by Special Agents of the Drug Enforcement Administration (DEA) for forfeiture pursuant to Title 21, United States Code (U.S.C.), Section 881, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

## TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission (**pardon**) or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty (**30**) days of your receipt of this notice. The petition must include proof of your interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

## TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by **October 4, 2005**. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

## WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the **Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475. Correspondence sent via private delivery must be sent to Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, Virginia 22301. A PETITION, CLAIM, OR OTHER CORRESPONDENCE WILL BE DEEMED FILED WHEN ACTUALLY RECEIVED BY THE DEA ASSET FORFEITURE SECTION IN ARLINGTON, VIRGINIA. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED.** The Asset Id referenced above should be used with all submissions. **include the Asset ID may cause a delay in processing your submission(s).**

EXHIBIT

1.e

U.S. DEPARTMENT OF JUSTICE
DRUG ENFORCEMENT ADMINISTRATION

| | |
|---|---|
| **Asset Id:** | 05-DEA-452211 |
| **Case Number:** | ID-04-2009 |
| **Property:** | 1966 Piper Cherokee Single Engine Plane |
| **Serial Number:** | 28-3032 |
| **Asset Value:** | $32,500.00 |
| **Seizure Date:** | 06/02/05 |
| **Seizure Place:** | Welch, WV |
| **Owner Name:** | Hall, Bobby |
| **Seized From:** | Gibson, Maurice |
| **Judicial District:** | Southern District of West Virginia |

Maurice Gibson
c/o Gary Collias Esq.
P.O. Box 7007
Charleston, WV 25301

**NOTICE MAILING DATE:** August 30, 2005

## NOTICE OF SEIZURE

The above-described property was seized by Special Agents of the Drug Enforcement Administration (DEA) for forfeiture pursuant to Title 21, United States Code (U.S.C.), Section 881, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above. Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

## TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission **(pardon)** or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty **(30)** days of your receipt of this notice. The petition must include proof of your interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

## TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by **October 4, 2005**. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

## WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the **Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475. Correspondence sent via private delivery must be sent to Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, Virginia 22301. A PETITION, CLAIM, OR OTHER CORRESPONDENCE WILL BE DEEMED FILED WHEN ACTUALLY RECEIVED BY THE DEA ASSET FORFEITURE SECTION IN ARLINGTON, VIRGINIA. SUBMISSIONS BY FACSIMILE OR OTHER MEANS WILL NOT BE ACCEPTED.** The Asset Id referenced above should be used with all submissions. **include the Asset ID may cause a delay in processing your submission(s).**

EXHIBIT
1.f

U.S. DEPARTMENT OF JUSTICE
DRUG ENFORCEMENT ADMINISTRATION

Maurice Gibson
c/o Gary Collias Esq.
P.O. Box 7007
Charleston, WV 25301

| | |
|---|---|
| **Asset Id:** | 05-DEA-452827 |
| **Case Number:** | ID-04-2009 |
| **Property:** | Assorted Weapons and Accessories (See Attached List) |
| **Serial Number:** | 186-40697 |
| **Asset Value:** | $3,409.00 |
| **Seizure Date:** | 06/01/05 |
| **Seizure Place:** | Bluefield, WV |
| **Owner Name:** | Gibson, Maurice |
| **Seized From:** | Ridley, Gary |
| **Judicial District:** | Southern District of West Virginia |

**NOTICE MAILING DATE:** August 30, 2005

## NOTICE OF SEIZURE

The above-described property was seized by Special Agents of the Drug Enforcement Administration (DEA) for forfeiture pursuant to Title 21, United States Code (U.S.C.), Section 881, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

## TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission **(pardon)** or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty **(30)** days of your receipt of this notice. The petition must include proof of your interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

## TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by **October 4, 2005.** The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

## WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the **Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475. Correspondence sent via private delivery must be sent to Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, Virginia 22301. A PETITION, CLAIM, OR OTHER CORRESPONDENCE WILL BE DEEMED FILED WHEN ACTUALLY RECEIVED BY THE DEA ASSET FORFEITURE SECTION IN ARLINGTON, VIRGINIA. SUBMISSIONS BY FACSIMILE OR OTHER MEANS WILL NOT BE ACCEPTED.** The Asset Id referenced above should be used with all submissions, **include the Asset ID may cause a delay in processing your submission(s).**

EXHIBIT

1.9

ASSET LIST FOR Personal Seizure Notice — August 30, 2005 10:37:08

Agcy Case: ID-04-2009 — Maurice Gibson — Seizure No: N-113 A-V

| ASSET ID | ASSET DESCRIPTION | VIN/SERIAL NO. |
|---|---|---|
| 05-DEA-452827 | 1 N-113A, Norinco 5.56mm X 45 Rifle with Knife SN 303650 | 303650 |
| | 1 N-113C, Ruger Mini-14.223 Caliber Rifle SN 186-4097 | 186-40697 |
| | 1 N-113B, Mossburg 12 ga Pump Shotgun J912888 | J912888 |
| | 1 N-113D, Thompson Semi-Automatic Carbine .45 Calibe Model of 1927 AI, SN 24676 | 24676 |
| | 1 N-113E, Cobray PM-11 9 mm Handgun SN 94-0025413 | 94-0025413 |
| | 1 N-113F, Cobray PM-11 9 mm Handgun SN 12-0015375 | 12-0015375 |
| | 1 N-113G, Cobray 9 mm Handgun SN 39-0050305 | 39-0050305 |
| | 1 N-113H, Cobray .45 Caliber Handgun SN 40914 | 40914 |
| | 1 N-113I, Stevens Model 954 .22 Caliber Rifle SN L282692 | L282692 |
| | 1 N-113J, Stevens Model 954 .22 Caliber Rifle SN L282693 | L282693 |
| | 1 N-113K, SKS 7.62mm w/ Tripod and Buckhorn Scope SN NT-1420 | NT-1420 |
| | 1 N-113L, Ruger 10/22 Rifle SN 254-33162 | 254-33162 |
| | 1 N-113M, Mak-90 Sporter Rifle with 4x20 Scope SN 9363886 | 9363886 |
| | 1 N-113N, Bingham LTD PPS 50 .22 Caliber long Rifle SN 5896 | 5896 |
| | 1 N-113O, BFI .223 Caliber 5.26mm Model M17s SN P02625 | P02625 |
| | 1 N-113P, Cobray PM-12 .380 Caliber Handgun 12-0015364 | 12-0015364 |
| | 1 N-113Q, Miscellaneous Gun Magazines and Clips | |
| | 7 N-113S, Plastic Gun Cases | |
| | 1 N-113T, Nylon Gun Case and Shoulder Holster | |
| | 7 N-113U, Miscellaneous Knives | |
| | 2 Tasco Rifle Scopes and Gun Cleaning Kit | |