UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD

FILED
JAN - 6 2006
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

UNITED STATES OF AMERICA

v. CRIMINAL NO. 1:05-00126

MAURICE TAFT GIBSON,
also known as "Mo"
HECTOR REINAT,
also known as "Chico"

**NOTICE TO THE COURT OF PROCEDURES**
**AND BURDEN OF PROOF AS TO FORFEITURE**

Comes now the United States of America, by counsel, MILLER A. BUSHONG III, Assistant United States Attorney for the Southern District of West Virginia, and hereby advises the Court of the following:

1. Rule 32.2 of the Federal Rules of Criminal Procedure was amended, effective December 1, 2000, to change the method by which criminal forfeitures are determined. Unless a party makes a specific request pursuant to FRCrP 32.2(b)(4) for the jury to determine whether the government has established the requisite nexus between the forfeitable property and the offense of conviction, the Court shall make the determination. Rule 32.2(b)(1).

2. "As soon as practicable after entering a guilty verdict... on any count in an indictment ... with regard to which criminal forfeiture is sought, the court shall determine what property is subject to forfeiture under the applicable statute." FRCrP 32.2(b)(1). "If forfeiture of specific property is sought, the court shall determine whether the government has established the requisite nexus between the property and the offense." Id. "If the government seeks a personal money judgment against the defendant, the Court shall determine the amount of money that the defendant will be ordered to pay." Id.

3. For purposes of the Court making its determination pursuant to FRCrP 32.2(b)(1) as outlined in paragraphs 1 and 2 above, the burden of proof for making such a determination for criminal forfeitures arising under 21 U.S.C. § 853(a) is by a preponderance of the evidence. United States v. Tanner, 61 F.3d 231, 234 (4th Cir. 1995), cert. denied, 516 U.S. 1119 (1996); United States v. Powell, 243 F.3d 543 (Table), 2001 WL 51010 (4th Cir.), cert. denied, 532 U.S. 1072 (2001). See also, United States v. Corrado, 227 F.3d 543, 551-52 (6th Cir. 2000). "The court's determination may be based on evidence already in the record, .... or, .... on evidence or information presented by the parties at a hearing after the verdict ..." Rule 32.2(b)(1).

4. In the case at bar, the forfeiture allegations of the Indictment seek the forfeiture of the sum of $22,694, should the

defendants be convicted of the offenses alleged in the Indictment. The Indictment further identifies the specific personal property that the United States seeks to forfeit from the defendants as proceeds of or which facilitated the offenses charged in the Indictment.

5. The United States is submitting jury instructions as to the forfeiture allegations in the event the United States or the defendant requests the jury to make the determination as to forfeiture, pursuant to Federal Rules of Criminal Procedure 32(b)(4).

Respectfully submitted,

UNITED STATES OF AMERICA
By Counsel

CHARLES T. MILLER
Acting United States Attorney

By: ______________________
MILLER A. BUSHONG III
Assistant United States Attorney