UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD

FILED

JAN - 6 2006

TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

UNITED STATES OF AMERICA

v. CRIMINAL NO. 1:05-00126

MAURICE TAFT GIBSON,
also known as "Mo"
HECTOR REINAT,
also known as "Chico"

**PROPOSED INSTRUCTIONS REGARDING FORFEITURE**

Comes now the United States of America, by Miller A. Bushong III, Assistant United States Attorney for the Southern District of West Virginia, and submits the following proposed instructions regarding forfeiture.

Respectfully submitted,

CHARLES T. MILLER
Acting United States Attorney

By: ______________________
MILLER A. BUSHONG III
Assistant United States Attorney

**GOVERNMENT'S PROPOSED INSTRUCTION NO. _______**

**COUNTS ONE THROUGH SEVENTEEN: FORFEITURE OF PROCEEDS OF DRUG VIOLATIONS**

As you know, **COUNT ONE** of the Indictment charged the defendants, MAURICE TAFT GIBSON, also known as "Mo," and HECTOR REINAT, also known as "Chico," together with other individuals not named as defendants herein, and other persons whose identities are both known and unknown to the Grand Jury, with having violated Title 21, United States Code, Section 846, that is, conspiracy to commit offenses in violation of 21 U.S.C. § 841(a)(1),(knowingly and intentionally to distribute quantities of cocaine, also known as "coke," and oxycodone, also known as "Oxycontin," both Schedule II controlled substances).

**COUNTS TWO THROUGH SEVENTEEN** charged the defendants knowingly and intentionally violated Title 21, United States Code, Section 841(a)(1), as more specifically described as follows:

**COUNTS TWO THROUGH FOUR AND THIRTEEN** charge that on or about April 20, 2004, April 26, 2004, May 10, 2004, and February 7, 2005, respectively, the defendant, MAURICE TAFT GIBSON, also known as "Mo," distributed a quantity of oxycodone.

**COUNT FIVE** charges that on or about May 11, 2004, defendant, MAURICE TAFT GIBSON, also known as "Mo," aided and abetted by HECTOR REINAT, also known as "Chico," distributed a quantity of cocaine, also known as "coke."

**COUNTS SIX AND SEVEN** charge that on or about May 26, 2004, Defendant, HECTOR REINAT, also known as "Chico," distributed 5 grams or more of cocaine base, also known as "crack," and a quantity of cocaine, also known as "coke," respectively.

**COUNTS EIGHT THROUGH TEN** charge that on or about June 10, 2004, July 27, 2004, and September 16, 2004, respectively, defendant, MAURICE TAFT GIBSON, also known as "Mo," aided and abetted by others not named as defendants herein, distributed a quantity of oxycodone.

**COUNTS ELEVEN AND FOURTEEN THROUGH SEVENTEEN** charge that on or about October 27, 2004, March 9, 2005, March 16, 2005, March 17, 2005, and April 14, 2005, respectively, Defendant, MAURICE TAFT GIBSON, also known as "Mo," distributed a quantity of cocaine.

**COUNT TWELVE** charges that on or about October 28, 2004, defendant, MAURICE TAFT GIBSON, also known as "Mo," distributed a quantity of hydromorphone.

Since you have determined by your verdict that the defendants did violate Title 21, United States Code, Section 846, as charged in **COUNT ONE**; and Title 21, United States Code, Section 841(a)(1), as charged in **COUNTS TWO THROUGH SEVENTEEN**, you must now decide whether the defendants must forfeit certain property alleged to be subject to forfeiture under Title 21, United States Code, Section 853(a).

Title 21, United States Code, Section 853(a) provides, in pertinent part, as follows:

> (a) Any person convicted of a violation of . . . this chapter shall forfeit to the United States . . .
>
> (1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation . . .
>
> (2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violation . . .

Proceeds, as used in these instructions, means the total amount of money derived by the defendants as a result of the violation and is not reduced by any amounts the defendants paid for the drugs that were later sold or for any other costs or expenses incurred by the defendants.

It is alleged that the following proceeds and property are subject to forfeiture as proceeds derived from, or as properties which facilitated, the offenses set forth in Counts One through Seventeen:

1. The sum of $22,694, more or less, seized on or about May 25, 2005, from First Community Bank Checking Account No. XXX6537, in the names of MAURICE T. GIBSON and TONYA S. GIBSON;
2. One 1966 Piper Cherokee Single Engine Aircraft, Serial No. 28-3032, Registration No. N5909W, and log book;
3. One full-length men's mink coat;
4. One Hitachi plasma/LCD wide-screened television;

5. One 2004 Yamaha Waverunner jetski, VIN YAMA1780H304;

6. One 1994 Yamaha Wave Raider jetski, VIN YAML5889E494;

7. One 1996 Shorelander Jetski trailer, VIN 1MOASER16TH787472;

8. One gun safe and multiple firearms, accessories and ammunition located therein;

9. One 2003 Cadillac Escalade EXT, black in color, VIN 3GYEK63N03G329365; and

10. One 2002 CRL pontoon boat, hull ID# N0R83513G102, and one 2002 boat trailer, VIN 1TPCENX2331034437.

GOVERNMENT'S PROPOSED INSTRUCTION NO. ______

**FORFEITURE OF PROCEEDS INVOLVED IN MONEY LAUNDERING VIOLATIONS**

As you know, Count Eighteen of the Indictment charged that the defendant, MAURICE T. GIBSON, and another person knowingly violated Title 18, United States Code, Section 1956(h), that is, they conspired to launder monetary instruments involving proceeds of a specified unlawful activity, specifically, conspiracy to distribute and the distribution of Schedule II controlled substances, and Counts Nineteen and Twenty charge that the defendant, MAURICE T. GIBSON, knowingly violated Title 18, United States Code, Section 1956(a)(1) by laundering monetary instruments involving proceeds from the distribution of controlled substances.

Since you have determined by your verdict that the defendant, MAURICE T. GIBSON, did violate Title 18, United States Code, Sections 1956(h) and 1956(a)(1) as charged in the Indictment, you must now decide whether the defendant must forfeit certain property alleged to be subject to forfeiture under Title 18, United States Code, Section 982.

Title 18, United States Code, Section 982(a)(1), provides in pertinent part, the following:

> The Court, in imposing sentence on a person convicted of an offense in violation of 18 U.S.C. § 1956 . . . . shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property.

Proceeds, as used in these instructions, means the total amount of money derived by the defendant as a result of the violation.

It is alleged that the following proceeds and property are subject to forfeiture as property involved in or traceable to property involved in the offenses set forth in Counts Eighteen through Twenty:

1. The sum of $22,694, more or less, from First Community Bank Checking Account No. XXX6537;
2. One 1966 Piper Cherokee Single Engine Aircraft, Serial No. 28-3032, Registration No. N5909W, and log book;
3. One full-length men's mink coat;
4. One Hitachi plasma/LCD wide-screened television;
5. One 2004 Yamaha Waverunner jetski, VIN YAMA1780H304;
6. One 1994 Yamaha Wave Raider jetski, VIN YAML5889E494;
7. One 1996 Shorelander Jetski trailer, VIN 1MOASER16TH787472; and
8. One gun safe and multiple firearms, accessories and ammunition located therein.

GOVERNMENT'S PROPOSED INSTRUCTION NO. ____

STANDARD OF PROOF FOR FORFEITURES

To find that the alleged sums of currency and the property described in the Indictment are subject to forfeiture, you must be convinced by a preponderance of the evidence[1] that the sums and property charged fairly represent the proceeds derived directly or indirectly from, or facilitated the offenses charged in Counts One through Seventeen of the Indictment, and that the sums and properties were involved in the offenses charged in Counts Eighteen through Twenty of the Indictment.

To prove something "by a preponderance of the evidence" means "to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds a belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case."[2]

---

United States v. Powell, No. 00-4293, 00-4309, 2001 WL 51010 (4th Cir.), cert. denied, 532 U.S. 1072 (2001), citing United States v. Corrado, 227 F.3d 543, 551-52 (6th Cir. 2000); United States v. Tanner, 61 F.3d 231 (4th Cir. 1995), cert. denied, 516 U.S. 1119 (1996).

3 Federal Jury Practice and Instructions,5th edition § 104.01 (2000).

GOVERNMENT'S PROPOSED INSTRUCTION NO. ___

## GENERAL FORFEITURE PROVISIONS RELATIVE TO BOTH MONEY LAUNDERING AND DRUG FORFEITURES

To "forfeit" means to be divested or deprived of the ownership of something as a penalty for the commission of a crime. In your consideration of the forfeiture claims, you are instructed that your previous determination that the defendant is guilty of having committed the offenses alleged in the Indictment is final and conclusive, and you must not seek to discuss or determine anew the guilt or innocence of the defendant.

You are further instructed that all of the instructions previously given to you concerning your consideration of the evidence, the credibility or the believability of the witnesses, your duty to deliberate together, and the necessity of a unanimous verdict, will all continue to apply during your supplementary deliberations concerning the forfeiture claim. The specific instructions I gave you earlier continue to apply.

With respect to the property alleged to be forfeitable, you will be provided with a special verdict form for your convenience and use. You will take this special verdict form to the jury room and, when you have reached a unanimous agreement as to the claims of forfeiture, your foreperson will complete the special verdict form, sign and date it, and then return it to the courtroom.