COURT EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

UNITED STATES OF AMERICA

v. CRIMINAL NO. 1:05-00126-001

MAURICE TAFT GIBSON

# JURY CHARGE

## Introduction

Now that you have heard the evidence and the arguments of counsel, it becomes my duty to give you the instructions of the court as to the law applicable to this case. You will have a written copy of these instructions to take with you to the jury room; nevertheless, it is extremely important for you to pay close attention to the instructions as I read them to you.

## Duty of Jurors

It is your duty as jurors to follow the law as stated in the instructions of the court and to apply the rules of law so given to the facts as you find them from the evidence in the case.

You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.

Neither are you to be concerned with the wisdom of any rule of law stated by the court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation

of your sworn duty to base a verdict upon any other view of the law than that given in the instructions of the court.

You have been chosen and sworn as jurors in this case to try the issues of fact presented by the allegations of the indictment and the denial made by the not guilty plea of the defendant. This must be decided on the evidence that is presented in this case and not from anything else.

You are to perform this duty without bias or prejudice as to any party. You are not permitted to be governed by sympathy or public opinion. Both the public and the defendant expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the court, and reach a just verdict, regardless of the consequences. In short, you and I have the sworn duty to see to it that both the United States and the defendant receive a fair and full trial.

<u>Factual Issues Raised</u>

When an accused person enters a plea of not guilty, this puts in issue every material part and element of the offense or offenses charged against him. This process raises the issues of fact which require determination by you, the jury.

<u>Presumption of Innocence</u>

In resolving these issues, you must bear in mind that, under the law of our land, a defendant is presumed to be innocent and that this presumption of innocence abides with the defendant

at every stage of the trial. Thus, a defendant, although accused, begins the trial with a "clean slate" -- with no evidence against him.

From that point forward, the law permits nothing but competent evidence presented before the jury to be considered in support of any charge against the accused. The presumption of innocence alone is sufficient to acquit a defendant, unless you are satisfied beyond a reasonable doubt of his guilt after careful and impartial consideration of all the evidence in the case.

<u>Burden of Proof</u>

In this case, as in every criminal case, the burden of proof is upon the United States to establish, first, the fact that the crime charged was committed, and second, that the defendant is guilty of the commission of that crime beyond a reasonable doubt.

This burden never shifts to the defendant, but remains upon the United States throughout the trial.

The law does not require a defendant to prove his innocence, to produce any evidence, or to call any witnesses.

<u>Reasonable Doubt</u>

On the other hand, it is not required that the United States prove the defendant guilty beyond all possible doubt. The

test is one of reasonable doubt. A reasonable doubt means in law just what those words imply.

## Indictment

An indictment is only a formal method of accusing a defendant of a crime. It is not evidence of any kind against the defendant and thus, you must not be prejudiced against the defendant merely because an indictment was returned against him.

## Evidence: Direct and Circumstantial

There are two types of evidence from which a jury may properly find a defendant guilty of a crime. One is direct evidence -- such as the testimony of an eyewitness who hears or sees an event. The other is circumstantial evidence, which is defined as proof of facts from which you may infer or conclude that other facts exist.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that, before convicting a defendant, the jury be satisfied of the defendant's guilt beyond a reasonable doubt from all the evidence in the case, both direct and circumstantial.

The evidence in the case always consists of the sworn testimony of the witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them, any facts stipulated to by the parties and any facts of which the court took judicial notice.

## Judicial Notice

The court took judicial notice of certain facts or events. When the court declares it is taking judicial notice of some fact or event, you may treat it as proved, even though no evidence was brought out on the point.

## Statements of Counsel

Statements and arguments of counsel are not evidence in the case. When the attorneys on both sides stipulate or agree as to the existence of a fact, you may, however, accept the stipulation as evidence, and regard that fact as being proven. You are not bound by stipulations, however, because the jury alone decides the facts and their importance to the case.

## Charts and Summaries

Summaries have been prepared by the United States and have been admitted into evidence, and have been shown to you during the trial for the purposes of explaining facts that are allegedly contained in books, records, or other documents which are evidence in the case. You may consider the charts and summaries as you would any other evidence admitted during the trial and give it such weight or importance, if any, as you feel it deserves.

## Sustained Objections

Any evidence as to which an objection was sustained by the court, and any evidence ordered stricken by the court, must be entirely disregarded.

## Recollection of Jurors

If any reference by the court or by counsel to matters of evidence does not coincide with your own recollection, it is your recollection which should control during your deliberations.

## Events Outside Courtroom

Anything you may have seen or heard outside the courtroom is not evidence and should be entirely disregarded.

## Inferences

So, again, you are to consider only the evidence in the case. But in your consideration of the evidence, you are not limited to the bald statements of the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw, from facts in the case, such reasonable inferences as you feel are justified in the light of experience.

Inferences are deductions or conclusions which reason and common sense lead the jury to draw from facts which have been established by the evidence in the case.

## Credibility

You, as jurors, are the sole judges of the credibility, that is the believability, of the witnesses and the weight their testimony deserves.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness's intelligence, motive and state of mind, and demeanor while on the stand. Consider the witness's ability to observe the matters as to which he or she has testified, and whether he or she impressed you as having an accurate recollection of these matters. Consider also any relation which each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or among the testimony of different witnesses, may or may not cause the jury to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently and innocent misrecollection, like failure of recollection, is not an uncommon experience. So, in weighing the effect of discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail and whether the

discrepancy appears to result from innocent error or from intentional falsehood.

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he or she testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness's present testimony.

Limiting Instruction

You heard tape recordings of several statements made by Mike White, a confidential informant for the United States. Because Mike White was unavailable to testify at this trial you may not consider these statements as proof of the matters asserted in them. You may, however, consider them for the limited purpose of helping you understand the course of events Mike White was involved in.

Impeachment -- Conviction of Felony

The testimony of a witness may be discredited or impeached by showing that the witness has been convicted of a felony, that is, of a crime punishable by imprisonment for a term of years. Prior conviction does not render a witness incompetent to testify, but is merely a circumstance which you may consider in determining the credibility of the witness. It is the

province of the jury to determine the weight to be given to any prior conviction as impeachment.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

Drug Use by Witnesses

As to each government witness, you may also take into consideration any drug use or mental condition at the time of the alleged crimes for the purpose of determining credibility.

Accomplices

An accomplice is one who united with another person in the commission of a crime, voluntarily and with common intent. An accomplice does not become incompetent as a witness because of participation in the crime charged. On the contrary, the testimony of one who asserts by his or her testimony that he or she is an accomplice, may be received in evidence and considered by the jury, even though not corroborated by other evidence, and given such weight as the jury feels it should have. The jury, however, should keep in mind that such testimony is always to be received with caution and considered with great care.

You should never convict a defendant upon the unsupported testimony of an alleged accomplice, unless you believe that unsupported testimony beyond a reasonable doubt.

## Plea Agreements

Now, in this case, there was also evidence that one or more witnesses made plea agreements with the government under which they may have received additional advantages.

For example, a witness who has been promised that he or she will not be charged or prosecuted, or a witness who hopes to gain more favorable treatment in his or her own case, may have a reason to make a false statement because he or she wants to strike a good bargain with the government. You may consider these agreements and the witness's hopes as to future advantages, in judging their credibility as well.

With respect to these witnesses, particularly keep in mind in judging their testimony and their credibility, that the government has the power to confer or withhold future advantages, depending on the value of their cooperation.

You may have to look at their testimony with particular care, although that fact does not mean, in and of itself, that they are lying. It simply means that you have to look at it very carefully.

Also, keep in mind the fact that a witness or accomplice has pleaded guilty to a crime or has been convicted is not evidence in and of itself of the guilt of any other person, including the defendant.

Let me note that the disposition of criminal charges by an agreement between the prosecution and the accused, sometimes referred to as a plea agreement, has been approved by this nation's courts as an important component of the administration of justice, and when properly administered, is to be encouraged; the disposition of charges after plea discussions is a part of the criminal process which leads to the prompt and largely final disposition of most criminal cases.

After making your own judgment, you will give the testimony of each witness such credibility, if any, as you think it deserves.

Law Enforcement Witness

Just because a particular witness may be a law enforcement officer, that does not mean that his or her testimony is deserving of any special consideration or any greater weight than that of any other witness's testimony. You may judge the credibility of all witnesses and consider their interest, if any, in determining the weight to be given to their testimony.

Expert Witnesses

The Federal Rules of Evidence provide that if scientific, technical or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience,

training, or education, may testify and state his or her opinion concerning such matters.

You should consider each expert opinion in evidence in this case and give it such weight as you think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, then you may disregard the opinion entirely. On the other hand, should you decide that an expert's opinion is based upon sufficient education or experience, then you may accept the opinion totally, or some part of it.

Where Accused Does Not Take Stand

The law does not compel a defendant in a criminal case to take the witness stand and testify, and no presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that the defendant has not testified. Again recall that the law does not require a defendant to prove his innocence, to produce any evidence, or to call any witnesses in his behalf.

Count One

Count One of the indictment in this case charges that, from on or about September 2002 to on or about May 19, 2005, defendant, Maurice Taft Gibson, along with Hector Reinat, Christina Louise Arnoto, and Robert L. Graveley, and other

persons whose identities are both known and unknown to the Grand Jury, knowingly conspired to commit offenses in violation of 21 U.S.C. § 841(a)(1), that is, the knowing and intentional distribution of quantities of cocaine, also known as coke, and oxycodone, also known as "Oxycontin".

21 U.S.C. § 846 provides in part:

> Any person who conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

The offense in the subchapter that Count I of the indictment alleges that defendants conspired to violate is 21 U.S.C. § 841(a)(1) (". . . it shall be unlawful for any person knowingly or intentionally . . . to distribute . . . a controlled substance").

In order to establish the offense proscribed by 21 U.S.C. § 846, the Government must prove each of the following elements beyond a reasonable doubt:

First: The conspiracy, agreement, or understanding to act in concert to distribute controlled substances, as described in Count One of the indictment, was formed, reached, or entered into by two or more persons (other than government agents);

Second: That the object of the conspiracy involved distribution of quantities of cocaine and oxycodone, as alleged in the indictment.

Third: At some time during the existence or life of the conspiracy, agreement, or understanding, the defendant knew the purpose(s) of the agreement, and, with that knowledge, then deliberately joined the conspiracy, agreement, or understanding.

Fourth: Interdependency among the alleged co-conspirators.

A criminal conspiracy is an agreement or a mutual understanding knowingly made or knowingly entered into by at least two people to violate the law by some joint or common plan or course of action. A conspiracy is, in a very true sense, a partnership in crime.

A conspiracy or agreement to violate the law, like any other kind of agreement or understanding, need not be formal, written, or even expressed directly in every detail.

The government must prove that defendant and at least one other person knowingly and deliberately arrived at an agreement or understanding that they, and perhaps others, would violate the law by means of some common plan or course of action as alleged in the indictment. It is proof of this conscious understanding and deliberate agreement by the alleged members that should be central to your consideration of the charge of conspiracy.

Before the jury may find that defendant, or any other person, became a member of the conspiracy charged in the indictment, the evidence in the case must show beyond a

reasonable doubt that defendant knew the purpose or goal of the agreement or understanding and deliberately entered into the agreement intending, in some way, to accomplish the goal or purpose by this common plan or joint action.

Merely associating with others and discussing common goals, mere similarity of conduct between or among such persons, merely being present at the place where a crime takes place or is discussed, or even knowing about criminal conduct does not, of itself, make someone a member of a conspiracy or a conspirator.

As a general matter, it is not sufficient to establish a conspiracy to violate the drug laws if the evidence only shows that one person unlawfully sold illegal drugs to a second person. In order for the illegal sale of drugs to cause the seller or purchaser to be guilty of a conspiracy to distribute that drug, it must be shown beyond a reasonable doubt by the evidence that there was an agreement between the buyer and seller beyond the mere desire of the seller to sell the drugs and the buyer to buy them.

On the other hand, if and when it does appear beyond a reasonable doubt from the evidence in the case that a conspiracy did exist as charged, and that the defendant was one of its members, then the statements and acts knowingly made and done during the conspiracy and in furtherance of its objects, by any proven member of the conspiracy, may be considered by the jury as

evidence against the defendant, even though he was not present to hear the statement made or see the act done. Since these acts may have been performed and these statements may have been made outside the presence of defendant and even done or said without defendant's knowledge, these acts or statements should be examined with particular care by you before considering them against the defendant who did not do the particular act or make the particular statement.

It is not necessary that the government prove that the defendant conspired to distribute each and every controlled substance alleged as an object of the conspiracy count. It is sufficient to convict the defendant of this charge if you find, beyond a reasonable doubt, that the defendant conspired to distribute at least one of the controlled substances identified in Count One.

Furthermore, the evidence need not establish a specific amount or quantity of the controlled substances involved, but only that defendants intended to distribute "a quantity of cocaine," and "a quantity" of oxycodone, as charged in the indictment.

Nor is it necessary that the government prove that the defendant conspired with each and every one of the co-conspirators named in the indictment. It is sufficient to convict the defendant of this charge if you find, beyond a

reasonable doubt, that the defendant conspired with at least one of the co-conspirators identified in Count One.

You need not concern yourselves with the whereabouts of alleged co-conspirators Hector Reinat and Robert L. Gravely.

You may have heard evidence of events occurring outside the period of time charged in the indictment. You are instructed that in your deliberations as to the guilt or innocence of defendant, you are to be concerned solely with the time period charged in the indictment.

<u>Counts Two, Three, Four, Thirteen, Eleven, Fourteen, Twelve, Five, Eight, Ten, and Nine</u>

Counts Two, Three, Four, and Thirteen charge that on or about April 20, 2004, April 26, 2004, May 10, 2004, and February 7, 2005, respectively, the defendant, Maurice Taft Gibson, also known as "Mo," distributed a quantity of oxycodone.

Count Five charges that on or about May 11, 2004, defendant, aided and abetted by Hector Reinat, also known as "Chico," distributed a quantity of cocaine, also known as "coke."

Counts Eight and Ten charge that on or about June 10, 2004 and September 16, 2004, respectively, defendant, aided and abetted by Christina Louise Arnoto, distributed a quantity of oxycodone.

Count Nine charges that on or about July 27, 2004, defendant, aided and abetted by Robert L. Gravely, distributed a quantity of oxycodone.

Counts Eleven and Fourteen charge that on or about October 27, 2004 and March 9, 2005, respectively, defendant, distributed a quantity of cocaine.

Count Twelve charges that on or about October 28, 2004, defendant distributed a quantity of hydromorphone, also known as "Dilaudid."

Counts Two, Three, Four, Eleven, Twelve, Thirteen, and Fourteen all charge violations of 21 U.S.C. § 841(a)(1).

Counts Five, Eight, Nine, and Ten all charge violations of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

> 21 U.S.C. § 841(a)(1) provides in pertinent part: [I]t shall be unlawful for any person knowingly or intentionally to distribute . . . a controlled substance.

In order to sustain its burden of proof for the crime of distribution of a controlled substance, the government must prove the following essential elements beyond a reasonable doubt:

> First: That the defendant did distribute the controlled substance alleged in each count of the indictment.
>
> Two: That the defendant did so knowingly and intentionally.

The term "distribute" as used in these instructions, means to deliver or to transfer possession or control of something from one person to another.

The term "distribute" includes the sale of something by one person to another.

The evidence need not establish a specific amount or quantity of the controlled substances involved, but only that the amount involved equals or exceeds the amount charged in the indictment.

## Aiding and Abetting - - Defined

A person may violate the law even though he does not personally do each and every act constituting the offense if that person "aided and abetted" the commission of the offense.

18 U.S.C. § 2 provides:

> Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

Before a defendant may be held responsible for aiding and abetting others in the commission of a crime, it is necessary that the government prove beyond a reasonable doubt that the defendant knowingly and deliberately associated himself in some way with the crime charged and participated in it with the intent to commit the crime.

In order to be found guilty of aiding and abetting the commission of the crime charged, the government must prove beyond a reasonable doubt that defendant:

One: Knew that the crime charged was to be committed or was being committed;

Two: Knowingly did some act for the purpose of aiding the commission of that crime; and

Three: Acted with the intention of causing the crime charged to be committed.

Merely being present at the scene of the crime or merely knowing that a crime is being committed or is about to be committed is not sufficient conduct for the jury to find that a defendant aided and abetted the commission of that crime.

The government must prove that defendant knowingly associated himself with the crime in some way as a participant -- someone who wanted the crime to be committed - - not as a mere spectator.

Counts Eighteen, Nineteen, and Twenty

Count Eighteen of the Indictment charges the defendant and Tonya Gibson, together with other persons known and unknown to the Grand Jury, with conspiring to violate Title 18, United States Code, Section 1956(a)(1)(B)(I), in violation of 18 U.S.C. § 1956(h). 18 U.S.C. § 1956(h) provides:

> Any person who conspires to commit any offense defined in this section or section 1957 shall be

> subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy.

In order to establish the offense proscribed by 18 U.S.C. § 1956(h), the Government must prove each of the following elements beyond a reasonable doubt:

First: The conspiracy, agreement, or understanding to launder funds, as described in Count Eighteen of the indictment, was formed, reached, or entered into by two or more persons;

Second: That the object of the conspiracy involved money laundering, as alleged in the indictment.

Third: At some time during the existence or life of the conspiracy, agreement, or understanding, the defendant knew the purpose(s) of the agreement, and, with that knowledge, then deliberately joined the conspiracy, agreement, or understanding.

You need not concern yourselves about the whereabouts of alleged co-conspirator Tonya Gibson.

Count Nineteen charges that, on October 1, 2003, defendant and Tonya Gibson, aided and abetted by each other violated the money laundering statute. Count Twenty charges defendant with violating this statute, on October 14, 2003. This statute provides in pertinent part:

> (a)(1) Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial

> transaction which in fact involves the proceeds of specified unlawful activity--
>
> (B) knowing that the transaction is designed in whole or in part-
>
> (i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity. . .

is guilty of an offense against the United States.

There are four elements to this offense which the government must prove:

First: That the defendant knowingly conducted or attempted to conduct a financial transaction affecting interstate commerce;

Second: That the defendant knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity;

Third: The property involved in the financial transaction did, in fact, involve the proceeds of specified unlawful activity; and

Fourth: That the defendant engaged in the financial transaction knowing that the transaction was designed, in whole or in part, to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of the specified unlawful activity.

"Affecting Interstate Commerce" - Defined

"Interstate Commerce" means commerce or travel between the states, territories, and possessions of the United States.

"Commerce" includes among other things: travel, trade, transportation, and communication.

It is not necessary for the government to show that the defendant actually intended or anticipated an affect on interstate commerce, or that commerce was actually affected. All that is necessary is that the natural and probable consequences of the defendant's actions would be to affect interstate commerce no matter how minimal.

<u>Specified Unlawful Activity</u>

I advise you that conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846, is a specified unlawful activity for the purposes of the money laundering statute.

<u>"Knowing That the Property Involved in a Financial Transaction Represents the Proceeds of Some Form of Unlawful Activity" - Defined</u>

The term "knowing that the property involved in a financial transaction involves the proceeds of some form of unlawful activity" means that the defendant knew the property involved in the transaction were proceeds from some form, though not necessarily which form, of activity that constitutes a felony under State, Federal, or foreign law. In other words, the defendant must know that the property involved in the financial transaction, for example, the money, was derived from criminal activity.

## Definitions

"Transaction" - With respect to a financial institution, a "transaction" includes a deposit, withdrawal, transfer, between accounts, of any monetary instrument, or any other payment, transfer, or delivery by, through, or to a financial institution, by whatever means effected. Title 18, United States Code, Section 1956(c)(3).

"Financial Transaction" - The term "financial transaction" means (A) a transaction which in any way or degree affects interstate or foreign commerce (i) involving the movement of funds by wire or other means or (ii) involving one or more monetary instruments, or (iii) involving the transfer of title to any real property, vehicle, vessel, or aircraft, or (B) a transaction involving the use of a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree. Title 18, United States Code, Section 1956(c)(4).

"Financial Institution" - The term "financial institution" means, among other things, an insured bank, a commercial bank or trust company, or a private banker. Title 31, United States Code, Section 5312(a)(2).

"Monetary Instruments" - The term "monetary instruments" means (i) coin or currency of the United States or of any other

country, travelers' checks, personal checks, bank checks, and money orders, or (ii) investment securities or negotiable instruments, in bearer form or otherwise in such form that title thereto passes upon delivery. Title 18, United States Code, Section 1956©)(5).

Commingled Funds

In a money laundering charge, the United States is not required to prove that all of the money used in the financial transaction is illegally obtained. When illegally obtained funds are combined with lawfully obtained funds, the legal and illegal funds may no longer be distinguishable from each other. The United States need only prove that part of the money in a money laundering transaction originated from illegal activity. Thus, when the funds used in a particular transaction originated from a single source of commingled, legally and illegally-acquired funds, it may be presumed that the transacted funds, at least up to the full amount originally derived from crime, were the proceeds of criminal activity.

"On or About" - - Proof of

You will note the indictment charges that the offenses were committed "on or about" certain dates and "at least" during a certain period. The proof need not establish with certainty the exact dates of the alleged offenses. It is sufficient if the

evidence in the case establishes beyond a reasonable doubt that the offenses were committed on dates reasonably near the dates alleged.

## "At or Near" - - Proof of

The indictment charges that offenses were committed "at or near" certain locations. The proof need not establish with certainty the exact locations of the alleged offenses. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offenses were committed at locations reasonably near the locations alleged.

## General Definitions

The word "willfully," as that term has been used from time to time in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law.

As used in these instructions, the word "knowingly" means that an act was done voluntarily and intentionally and not because of mistake or accident. The purpose of adding the word "knowingly" is to ensure that no one will be convicted for an act done because of mistake, accident, negligence, or other innocent reason.

## Closing Considerations

### Verdicts

I caution you, members of the jury, that you are here to determine the guilt or innocence of the defendant from the evidence in this case. The defendant is not on trial for any conduct or offense not alleged in the indictment. Neither are you called upon to return a verdict as to the guilt or innocence of any other person or persons not on trial in this case.

Now, therefore, as to your separate and independent consideration of each count charged in the indictment against the defendant, if, as to that count you find the government has proved each and every element of the offense beyond a reasonable doubt, then you may return a verdict of guilty on that particular count.

On the other hand, as to your separate and independent consideration of each count charged in the indictment, if you find that the government has failed to prove any single one or more of the elements beyond a reasonable doubt against the defendant, then you must return a verdict of not guilty on that particular count.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. Your verdict must be unanimous.

### Jury Deliberations

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement if you can

do so without violence to your individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, but do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are not partisans, you are judges -- judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on the question of guilt or innocence of the accused until after you have reached a unanimous verdict.

Foreperson

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court.

Verdict Forms

Forms of verdict have been prepared for your convenience. You will take these forms to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form to state the verdict

upon which you unanimously agree and then return with your verdict to the courtroom.

## Communications With the Court

If, during your deliberations, you should desire to communicate with me, please reduce your message or question to writing signed by the foreperson and pass the note to the marshal, who will bring it to my attention. I will then respond as promptly as possible, either in writing, or by having you return to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send that you should never state or specify your numerical division at any time.

## Dismissal to Jury Room

At this time, ladies and gentlemen, I will ask that you go to your jury room. I must caution you not to elect a foreperson and not to start your deliberations until the courtroom deputy delivers a copy of the indictment, the exhibits introduced during the trial and a copy of these instructions to your jury room. Thank you very much. You may now proceed to your jury room.