IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

vs. Case No.: 1:05-00126

MAURICE GIBSON.

**DEFENDANT'S MOTION TO EXCLUDE RULE 404(b) EVIDENCE**
**WITH REGARD TO THE MURDER OF JAMAL WALLACE**

Now comes the defendant Maurice Gibson by his undersigned counsel and moves this Court to exclude from evidence and prohibit the government from introducing any evidence concerning or related to the murder of Jamal Wallace. In support of this motion, the defendant Gibson states as follows:

Jamal Wallace was murdered in Bluefield, West Virginia on or about June 12, 2002. Mike White was murdered on or about May 19, 2005 near Princeton, West Virginia. The defendant herein, Maurice Gibson, is apparently a suspect in both of these murders.

The government has given notice that it intends to attempt to establish at the sentencing of defendant Maurice Gibson, that the cross-reference United States Sentencing Guidelines §2D1.1.(d)(1) that provides that if a victim was killed under circumstances that would constitute Murder under 18 U.S.C. § 1111 had such killing taken place within the territorial or maritime jurisdiction of the United

States, the Court should apply Sentencing Guideline §2A1.1(1st degree murder).

Furthermore, the government has given notice it will seek to establish the above cross-reference adaptability of the above-reference by proving that the defendant Maurice Gibson was responsible for the murder of Mike White, but will not seek a cross-reference by attempting to prove that defendant Maurice Gibson was responsible for the murder of Jamal Wallace. However, the government has indicated that it will offer at the sentencing hearing in this case evidence that the defendant Maurice Gibson was responsible for the murder of Jamal Wallace pursuant to Federal Rule of Evidence 404(b) as other crimes, wrongs or acts.

By this motion, the defendant Gibson seeks an order of this Court excluding any such evidence as to the murder of Jamal Wallace and prohibiting the government from attempting to offer any such evidence of the murder of Jamal Wallace, pursuant to Rule 404(b).

Rule of Evidence 404(b) provides that evidence of other crimes, wrongs, or acts, is not admissible to prove the character of a person in order to show he acted in conformity therewith, but that it may be admissible for other purposes such as proof of "motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." Apparently, the government therefore is going to attempt to establish that the defendant is responsible for the murder of Mike White while presenting 404(b) evidence that the

defendant was also responsible for the murder of Jamal Wallace. This evidence should be excluded.

Evidence under Rule 404(b) is only admissible for purposes of showing motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident. None of those things is applicable in the circumstances of the present case. In order for the Court to understand and weigh the evidence indicating that the defendant Gibson was responsible for the death of Mike White, it does not require that that evidence be clarified with regard to motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident by putting on evidence of Jamal Wallace's murder. There can be no doubt that the government's theory is that Maurice Gibson caused the murder of Mike White in order to retaliate against Mike White and/or to prevent Mike White from testifying against Maurice Gibson. Nothing could be clearer. The government will either have the evidence to support this or it won't. There's no need for the government to provide evidence of motive by virtue of presenting evidence concerning the murder of Jamal Wallace. Likewise, with regard to opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident, the evidence of Jamal Wallace's murder adds nothing. There's no issue in this case of mistake or accident. Likewise, there's no issue of identity, knowledge, plan, preparation, intent or opportunity.

The government is seeking to introduce so-called evidence of the

murder of Jamal Wallace for no reason other than to attempt to do exactly what Rule 404(b) prohibits, which is to present evidence of other crimes, wrongs or acts in order to attempt to prove the character of a person, in his case Maurice Gibson, in order to show that he acted in conformity therewith. The evidence of Jamal Wallace's murder simply has no possible purpose other than an attempt to establish the character of Maurice Gibson by showing that he was responsible for one murder that it's more likely that he would be responsible for another murder.

Furthermore, the Court should exclude evidence of the murder of Jamal Wallace, pursuant to Rule 403 of the Federal Rules of Evidence. Rule 403 provides that although relevant evidence may be excluded by a Court if its probative value is outweighed by its prejudicial effect or will cause confusion of the issues or cause undue delay, waste of time or needless presentation of cumulative evidence. In the present circumstances, the presentation of the evidence about Jamal Wallace's murder may add as much as several days to the sentencing hearing in this matter. Essentially, the government will put on an entire murder case against the defendant Gibson with regard to Jamal Wallace under the guise of presenting evidence under Rule 404(b).

While undersigned counsel recognizes that the Court is able to separate the probative and prejudicial value of this evidence, it will nevertheless result in undue delay, waste of time and the needless presentation of cumulative evidence that really does nothing with regard to establishing anything with regard

to the issues of motive, opportunity, intent, preparation, plan, knowledge, identify or absence of mistake or accident and really only is a disguised way of presenting bad character evidence with regard to Maurice Gibson.

Further, it is the position of the defendant that evidence under Rule 404(b) should not be permitted in a sentencing hearing in an attempt to prove a sentencing factor. The sentencing in this case is not supposed to be a trial of guilt or innocence of other crimes. It is rather a hearing to determine the applicability of sentencing factors. Undersigned counsel is aware of no case in which evidence under 404(b) has been admitted in order to attempt to show the sentencing factor. This is particularly true in circumstances of this case when there is direct evidence that will be presented by the government in support of the cross-reference for homicide that can be fully weighed and evaluated by this Court without need of Rule 404(b) evidence.

This Court should also exclude evidence of the murder of Jamal Wallace since it is remote in time and place. Jamal Wallace's murder in Bluefield on June 12, 2002 by unknown persons, and Mike White was murdered near Princeton, West Virginia on May 19, 2005 by unknown persons. There was approximately three years of time between these two homicides and they took place in different cities.

In light of all the above, the defendant moves the Court to exclude from the sentencing in this case any evidence with regard to the murder of Jamal

Wallace pursuant to Rule 404(b) of the Federal Rule of Criminal Procedure for the reason that the admission of such evidence would violate Rule 404(a) in that it would be evidence of the defendant's character or trait of his character that is not admissible for the purpose of proving he acted in conformity therewith on a particular occasion. In this case, the particular occasion is the time that Mike White was murdered approximately three years after the murder of Jamal Wallace. Furthermore, this Court should exclude this evidence and greatly shorten the time and complexity of the sentencing trial in this matter fo diminishing by one bit the actual weight of the evidence of the government, whatever it might be, that Maurice Gibson was responsible for the murder of Mike White.

Respectfully submitted,

/s/ Gary A. Collias
______________________

GARY A. COLLIAS
122 Capitol Street, Suite 300
P.O. Box 70007
Charleston, WV 25301-0007
Telephone: (304) 344-3653

JAY T. McCAMIC
56-58 14th Street
Wheeling, WV 26003

Counsel for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

vs. Case No.: 1:05-00126

MAURICE GIBSON.

**CERTIFICATE OF SERVICE**

I hereby certify that on Aug. 4, 2006, I filed the foregoing document with the Court using CM/ECF which will send notification of such filing to the following CM/ECF participant:

Miller A. Bushong, III
Asst. U.S. Attorney
U.S. Attorney's Office
110 N. Heber Street
Beckley, WV 25801

s/Gary A. Collias
GARY A. COLLIAS

s/Jay T. McCamic
JAY T. McCAMIC

COUNSEL FOR DEFENDANT