IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

vs. Case No.: 1:05-00126

MAURICE GIBSON.

**DEFENDANT MAURICE GIBSON'S MOTION TO EXCLUDE ALL EVIDENCE OF THE MURDER OF MIKE WHITE AND JAMAL WALLACE FROM SENTENCING HEARING**

Now comes the defendant Maurice Gibson by his undersigned counsel and moves this Court to exercise its discretion and to exclude and prevent the government from presenting any evidence whatsoever with regard to the murders of both Mike White and Jamal Wallace at the sentencing hearing in this case.

In support of this motion, the defendant states that the government intends to try to show by evidence at the sentencing in this case the applicability of the cross-reference contained in United States Sentencing Guideline §2D1.1.(d)(1) that provides that if a victim was killed under circumstances that would constitute murder under 18 U.S.C. §1111 that such killing taken place within the territorial or maritime jurisdiction of the United States, the Court should apply Sentencing Guideline §2A1.1 (First Degree murder).

The Sentencing Guidelines, including those with regard to the cross-reference contained in §2D1.1.(d)(1) are merely advisory. *U.S.v. Booker, 125 S.*

*Ct. 738 (2005)*. This Court is not required by the Sentencing Guidelines or other law to give the government an opportunity to present evidence with regard to the homicides of Jamal Wallace and Mike White. If the government believes that the defendant Maurice Gibson is guilty of either of these murders the government should indict the defendant Maurice Gibson and prove their case. The government is attempting to convert the sentencing hearing in this case, which involved allegations of money laundering and drug trafficking, into two murder trials.

The government has indicated that in the sentencing hearing of this case, in order to establish the homicide cross-reference, that it will call between fifteen to twenty-five witnesses. Among these witnesses will be expert witnesses, including ballistics experts, medical examiners, gun powder residue experts and a sound expert. The sentencing hearing in this case will actually be turned into a double homicide trial that will take many days to try. Furthermore, the defendant must be entitled to an opportunity to rebut the testimony of these experts which may also require the hiring of experts on behalf of this defendant. This will lead to great expense and delay, not to mention consuming a large amount of time for the sentencing hearing that could otherwise be conducted in probably less than an hour. If the government is permitted by the Court to present evidence for both of these above homicides, the sentencing hearing in this case will be two murder trials masquerading as a sentencing hearing. The Court will be called upon to decide whether the defendant Maurice Gibson is guilty of the murder of Mike White

and/or Jamal Wallace. This is obviously a factual determination qualitatively different and completely independent from the jury's conclusion that Maurice Gibson was guilty of money laundering and drug trafficking offenses.

The Court should not permit itself to be used as a substitute for the process of indictment and jury trial that is obviously intended to determine the guilt or innocence of defendants, regardless of whether they have previously been convicted of drug trafficking and money laundering. Therefore, separate and apart from all the legal issues with regard to the entitlement of the defendant to jury trial and what the burden of proof should be, the defendant Gibson moves this Court to exercise its discretion, since the guidelines are only advisory, to not permit the government to turn a simple and straightforward sentencing hearing into a full blown, extended and complex double murder trial resulting in great expense and delay. Simply stated, it appears that the Government cannot even get a true bill before the grand jury and therefore is cynically trying to avoid fundamental due process. If the government believes the defendant is guilty of murder he should be indicted and tried, not back-doored in a murder trial pretending to be a sentencing hearing.

Respectfully submitted,

/s/ Gary A. Collias

GARY A. COLLIAS
122 Capitol Street, Suite 300

P.O. Box 70007
Charleston, WV 25301-0007
Telephone: (304) 344-3653

/s/ Jay T. McCamic
JAY T. McCAMIC
56-58 14th Street
Wheeling, WV 26003

Counsel for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

vs. Case No.: 1:05-00126

MAURICE GIBSON.

**CERTIFICATE OF SERVICE**

I hereby certify that on August 4, 2006, I filed the foregoing document with the Court using CM/ECF which will send notification of such filing to the following CM/ECF participant:

Miller A. Bushong, III
Asst. U.S. Attorney
U.S. Attorney's Office
110 N. Heber Street
Beckley, WV 25801

s/Gary A. Collias
GARY A. COLLIAS

s/Jay T. McCamic
JAY T. McCAMIC

COUNSEL FOR DEFENDANT